1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SALVADOR SHANNON,                          No.  2:15-cv-00967-KJM-CKD

12                      Plaintiff,

13          v.                                   ORDER

14   COUNTY OF SACRAMENTO,
     SACRAMENTO COUNTY SHERIFF'S
15   DEPARTMENT, TIMOTHY JONES, and
     JOSEPH REEVE,
16
                        Defendants.
17

18

19          This matter is before the court on a motion to dismiss by defendants Sacramento

20   County, Sacramento County Sheriff's Department ("SCSD"), Deputy Timothy Jones ("Jones"),

21   and Deputy Joseph Reeve ("Reeve") (collectively, "County" or "defendants").  Mot., ECF No.

22   23.  Plaintiff Salvador Shannon ("Plaintiff" or "Shannon") opposed the motion.  Opp'n, ECF No.

23   27.  The County replied.  ECF No. 30.  The matter was submitted without oral argument.  ECF

24   No. 36.  As explained below, the court GRANTS IN PART and DENIES IN PART defendants'

25   motion.

26   I.     JUDICIAL NOTICE

27          As a preliminary matter, defendants request the court take judicial notice of three

28   documents in support of their motion to dismiss.  Req. Jud. Not., ECF No. 23-2.  These

                                              1

1    documents are a declaration of Salvador Shannon regarding the legal heirs of decedent Ryan

2    Shannon, filed in this action (ECF No. 17); the Sacramento County Charter, Art. I § 3; and the

3    Third Amended Complaint filed in this action (ECF No. 22).  *Id.*  Shannon does not oppose these

4    requests.  *See* Opp'n.

5            Under Rule 201 of the Federal Rules of Evidence, a court may take judicial notice

6    of an adjudicative fact "that is not subject to reasonable dispute because it (1) is generally known

7    . . . or (2) can be accurately and readily determined from sources whose accuracy cannot

8    reasonably be questioned."  Fed. R. Evid. 201(b).  The Ninth Circuit has said "[a] court may take

9    judicial notice of matters of public record . . . as long as the facts noticed are not subject to

10   reasonable dispute."  *Intri–Plex Tech., Inc. v. Crest Grp., Inc.,* 499 F.3d 1048, 1052 (9th Cir.

11   2007) (internal citation & quotation omitted).

12           While a court may take judicial notice of its own records, judicial notice is

13   redundant if the matter in question is already in the record.  *See Silvas v. G.E. Money Bank*,

14   449 F. App'x 641, 645 n.2 (9th Cir. 2011).  For example, the court need not take judicial notice of

15   the complaint or its prior order in the same case.  *Ortega v. Univ. of Pac.,* No. 13–1426, 2013 WL

16   6054447, at *3 (E.D. Cal. Nov.15, 2013).

17           While the court may take judicial notice of the general meaning of words, phrases,

18   and legal expressions, documents are judicially noticeable only for the purpose of determining

19   what statements are contained therein, not to prove the truth of the contents or any party's

20   assertion of what the contents mean.  *U.S. v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 975 (E.D.

21   Cal. 2004).

22           Defendants' request for judicial notice of Mr. Shannon's declaration and of the

23   third amended complaint is denied as redundant, for the declaration and complaint are already a

24   part of the record.

25           Defendants' request for judicial notice of the Charter is granted, for the

26   Sacramento County Charter is a matter of public record with a reasonably reliable and reasonably

27   undisputed source.

28   /////

                                              2

1    II.    BACKGROUND

2          A.    Factual Allegations

3                On March 2, 2014, Sacramento County Sheriff Deputies Timothy Jones ("Deputy

4    Jones") and Joseph Reeve ("Deputy Reeve") were investigating a report of shots fired in the city

5    of Antelope, California, when they received a separate report of a man walking with a gun in the

6    Juniper Hill neighborhood.  Third Am. Compl. (TAC) ¶¶ 16–17.  At approximately 2:31 a.m., as

7    the deputies drove northbound on Don Julio Boulevard toward Juniper Hill, they observed Ryan

8    Shannon ("decedent") walking southbound on Don Julio Boulevard, "cradling what appeared to

9    be a gun in his left arm."  *Id.* ¶ 18.

10               After passing decedent in their vehicle, the deputies turned the car around and

11   stopped in the middle of the street roughly forty-five feet from decedent, who had his back turned

12   to the officers.  *Id.* ¶¶ 19–21.  As Deputy Reeve shined the vehicle spotlight on decedent, Deputy

13   Jones, who had already unholstered his weapon, shouted to Deputy Reeve, "He has a gun!"  *Id.*

14   ¶ 22.  As decedent turned toward the light, Deputy Jones opened his door and fired a shot at

15   decedent that "narrowly missed [him]."  *Id.* ¶ 23.  Decedent "turned around to surrender" as the

16   officers yelled loudly at him to "drop his weapons."  *Id.* ¶ 24.   After two vehicles passed on the

17   street between the deputies and decedent, Deputies Jones and Reeve shot decedent "multiple

18   times" in the torso and leg, resulting in decedent's death shortly thereafter at the hospital.

19   *Id.* ¶¶ 24-25, 30–31.

20               Two airsoft guns[1] were in decedent's possession "and or his proximity" when he

21   was short.  *Id.* ¶ 26.  Decedent's autopsy "revealed multiple contusions and abrasions to [his]

22   head, hairline, right eyebrow, bridge of the nose and left elbow," which were not present the

23   evening before his death.  *Id.* ¶ 32.

24   /////

25   /////

26

27          [1] An air soft gun apparently is a recreational replica, which closely emulates a real
     firearm. *See* What is Airsoft, http://zachbillings.com/what-is-airsoft/.
28

3

1    B.    Procedural Background

2    Salvador Shannon, decedent's surviving spouse and successor in interest, filed a

3    complaint in the Sacramento County Superior Court on or about November 25, 2014.  ECF No. 1.

4    The only plaintiff in this case is Salvador Shannon, individually and as successor in interest to

5    decedent Ryan Shannon.  *See* TAC at 2.  The action was removed to federal court on May 5,

6    2015.  ECF No. 1.  Plaintiff filed a second amended complaint on June 26, 2015, ECF No. 16,

7    and a third amended complaint on August 7, 2015.  ECF No. 22.

8    Based on the facts alleged in the third amended complaint, Shannon asserts three

9    claims as decedent's successor in interest: 1) a survival action, pursuant to § 1983,  for excessive

10   force in violation of the Fourth and Fourteenth Amendments against Deputies Jones and Reeve;

11   2) a state law survival action, based on Cal. Civ. Proc. Code § 377.30, against Deputies Jones and

12   Reeve for battery in violation of Cal. Civ. Code § 43; and 3) a state law wrongful death action,

13   based on Cal. Civ. Proc. Code § 377.60, against Deputies Jones and Reeve, the County of

14   Sacramento and the Sacramento County Sheriff's Department.  *Id.* ¶¶ 46–75.  On August 28,

15   2015, defendants moved to dismiss Shannon's complaint, contending, *inter alia*, noncompliance

16   with applicable state law as well as inadequate facts pled in support of the claims alleged.  Mot.

17   Prior to filing this suit, Shannon alleges he filed a claim under the California

18   Government Claims Act with Sacramento County.  TAC ¶ 12.  The claim was rejected on

19   September 17, 2014.  *Id.*

20   III.   LEGAL STANDARD

21   Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a

22   complaint for "failure to state a claim upon which relief can be granted."  A court may dismiss

23   "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a

24   cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

25   Although a complaint need contain only "a short and plain statement of the claim showing that

26   the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a motion to dismiss,

27   this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief

28   that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*

4

1   *v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something more than "an

2   unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a

3   formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at

4   555).

5          Determining whether a complaint will survive a motion to dismiss for failure to

6   state a claim is a "context-specific task that requires the reviewing court to draw on its judicial

7   experience and common sense." *Id.* at 679.  In making this context-specific evaluation, this court

8   must construe the complaint in the light most favorable to the plaintiff and accept as true the

9   factual allegations of the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).  This rule

10  does not apply to "a legal conclusion couched as a factual allegation," *Papasan v. Allain*,

11  478 U.S. 265, 286 (1986), quoted in *Twombly*, 550 U.S. at 555, nor to "allegations that contradict

12  matters properly subject to judicial notice," nor to material attached to or incorporated by

13  reference into the complaint.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988–89 (9th Cir.

14  2001).  A court's consideration of documents attached to a complaint or incorporated by reference

15  or as a matter of judicial notice will not convert a motion to dismiss into a motion for summary

16  judgment.  *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003); *Parks Sch. of Bus. v.*

17  *Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *but see Van Buskirk v. Cable News Network, Inc.*,

18  284 F.3d 977, 980 (9th Cir. 2002) (noting even though court may look beyond pleadings on

19  motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

20  IV.   <u>DISCUSSION</u>

21          Defendants argue Shannon's § 1983 claim and state law survival claim must be

22  dismissed because (1) Shannon does not specifically allege compliance with the California

23  Government Claims Act ("GCA"), (2) Shannon's survival claim on behalf of decedent does not

24  comply with California Code of Civil Procedure Sections 377.30, *et. seq.*, and (3) Shannon does

25  not plead sufficient facts in support of his claims.  Mot. at 3–7.  Additionally, defendants request

26  the court dismiss Shannon's wrongful death claim against the Sacramento County Sherriff's

27  Department because the Sheriff's department is duplicative of defendant Sacramento County.

28  Mot. at 7.

1    In response, Shannon contends (1) a general statement of compliance with the

2  GCA is sufficient, (2) his survival claim complies with California Code of Civil Procedure

3  Sections 377.30, *et. seq.*, and (3) the complaint adequately pleads facts in support of his state and

4  federal claims. Opp'n at 2–3. As to the wrongful death claim, Shannon contends defendants lack

5  a basis to dismiss the Sheriff's department. Opp'n at 12.

6    The court addresses these issues in turn.

7    A.    California Government Claims Act

8    The GCA allows a public entity to investigate claims against it and settle, if

9  warranted, without litigation. *Nguyen v. Los Angeles Cnty. Harbor/UCLA Med. Ctr.*, 8 Cal. App.

10  4th 729, 734 (Cal. 1992). Under the GCA, a plaintiff must file a written claim with an entity

11  before attempting to sue that entity in court for damages. *See* Cal. Gov't Code § 945.4; *State v.*

12  *Superior Court (Bodde)*, 32 Cal. 4th 1234, 1240–44 (2004); *Karim-Panahi v. Los Angeles Police*

13  *Dep't*, 839 F.2d 621, 627 (9th Cir. 1988). Claims involving death or injuries to a person or

14  personal property must be presented no later than six months after accrual of the claim. *See* Cal.

15  Gov't Code § 911.2(a). Failure to timely present a claim for money or damages to a public entity

16  bars a plaintiff from bringing suit against that entity. *Bodde*, 32 Cal. 4th at 1240.

17    Upon receipt of the claim, the entity has the choice to act upon the claim or to

18  reject it. *Id.* It is only after the entity rejects the claim that the plaintiff can file suit against the

19  entity for damages. *See id.*; *see also Deen v. City of Redding*, No. 13-1569, 2014 WL 1513353, at

20  *7 (E.D. Cal. Apr. 11, 2014) (once claim is rejected, party has six months to initiate litigation

21  against entity following written notice of rejection of claim).

22    A claim to a public entity must provide a "general description of the . . . injury,

23  damages or loss incurred so far as it may be known at the time of presentation." *Stockett v. Ass'n*

24  *of California Water Agencies Joint Powers Ins. Auth.*, 34 Cal. 4th 441, 445 (2004). Claims need

25  not include the same detail and specificity as a pleading to the court. *Id.* However, each person

26  who suffers an injury must submit an individual claim to the entity and cannot rely on a claim

27  submitted by another. *Nguyen*, 8 Cal. App. 4th at 732–34; *Nelson v. Cnty. of Los Angeles*,

28  113 Cal. App. 4th 787, 797 (2003). For example, in *Nelson*, a decedent's mother brought survival

1    claims for negligence, assault, and battery against the County of Los Angeles for injuries the

2    decedent suffered before death.  113 Cal. App. 4th at 797.  Acting as decedent's personal

3    representative, the mother brought these claims to the court on behalf of the decedent's estate.  *Id.*

4    However, the government tort claim filed against the county listed only the decedent's mother as

5    a claimant, with damages including the loss of her son, economic losses, emotional and mental

6    injuries.  *Id.*  The court dismissed the claims filed on behalf of the decedent's estate, noting the

7    estate was not identified in the government tort claim filed with the county.  *Id.* at 783.  Because

8    the mother's claim to the County for the loss of her son did not incorporate the estate's claims, the

9    estate's separate claims did not "substantially comply" with the GCA's exhaustion requirement.

10   *Id.*

11                    1.    Applicability to § 1983 Survival Excessive Force Claim

12                Section 1983 claims are not subject to the GCA.  *See e.g., Bodde*, 32 Cal. 4th at

13   1240 (the GCA is inoperative in a survival action brought under § 1983); *Willis v. Reddin*, 418

14   F.2d 702, 704–05 (9th Cir. 1969) ("While it may be completely appropriate for California to

15   condition rights which grow out of local law and which are related to waivers of the sovereign

16   immunity of the state and its public entities, California may not impair federally created rights or

17   impose conditions upon them.").  To the extent defendants argue the GCA bars plaintiff's § 1983

18   claim, their motion is DENIED.

19                    2.    Applicability to Survival State Law Battery Claim

20                State law claims against a public entity are subject to the GCA.  *See City of*

21   *Stockton*, 42 Cal. 4th 730, 738 (Cal. 2007).  When filing a claim subject to the GCA, a plaintiff

22   must allege facts demonstrating or excusing compliance with the claim presentation requirement

23   in the complaint.  *Bodde*, 32 Cal. 4th at 1238.  Otherwise, the plaintiff may face dismissal for

24   failure to state facts sufficient to constitute a cause of action.  *Id.* at 1243.  The parties do not

25   dispute the GCA applies to the plaintiff's survival state law battery claim. The parties do dispute,

26   however, whether plaintiff's third amended complaint demonstrates compliance with the GCA.

27

28

1        a)        Pleading Compliance with GCA

2                In California state court, a plaintiff may plead a general statement of compliance

3    with the GCA to survive a motion to dismiss.  *Perez v. Golden Empire Transit District*, 209 Cal.

4    App. 4th 1228, 1236–37 (Cal. 2012).  But this court is bound by federal pleading standards, and

5    bare allegations that a plaintiff has complied with the GCA are insufficient.  *See Young v. City of*

6    *Visalia*, 687 F. Supp. 2d 1141, 1152 (E.D. Cal. 2009) (bare allegation of compliance with GCA is

7    a mere conclusion and insufficient, but plaintiff's complaint was sufficient because it contained

8    additional factual allegations that all prerequisites had been fulfilled); *see also Nnachi v. City &*

9    *Cnty. of San Francisco,* No. 13–05582, 2015 WL 1743454, at *6 (N.D. Cal. Apr. 16, 2015)

10   (dismissing state tort claim for failure to plead facts regarding "when he submitted such a claim,

11   what he stated in that claim, and when the [public entity] denied it").

12               Here, Shannon has pled he complied with the GCA by filing a claim with

13   Sacramento County.  Specifically, he alleges the following,

14               Prior to bringing this suit, PLAINTIFF complied with the
             California Government Claims Statute by filing a claim with
15           Sacramento County.  That claim was rejected by the COUNTY on
             September 17, 2014.   Plaintiff's Complaint was filed in the
16           Superior Court on November 25, 2014.  This Complaint is therefore
             filed timely.   On April 27, 2015, Plaintiff filed its [sic] First
17           Amended Complaint.

18   TAC ¶ 12.  Shannon contends this statement suffices as a general statement of compliance with

19   the GCA as to both of Shannon's claims as well as decedent's survivorship claims.  *See* Opp'n at

20   5.

21               Shannon argues he need not identify each and every claim or theory under which

22   liability may attach when submitting a claim to the County before filing suit.  *Id.* (citing *Stockett*,

23   34 Cal. 4th at 446).  He also argues his claim is enough to put the government on notice of the

24   "full range of claims that may be reasonably brought against it" based on the facts surrounding

25   decedent's death.  *Id.* (citing *Moore v. City of Vallejo*, 73 F. Supp. 3d 1253, 1259–1260 (E.D. Cal.

26   2014)). While it is the case that both *Stockett* and *Moore* allow for provision of generalized notice

27   in a public entity tort claim, as long as sufficient detail allows the entity to investigate, *Stockett*,

28   34 Cal. 4th at 443, 446; *Moore*, 73 F. Supp. 3d at 1253, 1260, here, the issue is not whether the

8

1    GCA claim filed with the County gave sufficient notice to the County of plaintiff's claims

2    generally.  Rather, defendants argue that, notwithstanding the sufficiency of the plaintiff's GCA

3    claim, Shannon's complaint does not comport with the pleading standards of the Federal Rules of

4    Civil Procedure with respect to decedent's survival claims.  Mot. at 6.

5             The court agrees.  Accepting as true plaintiff's statement of general compliance,

6    neither the court nor defendants can infer if plaintiff filed decedent's survival claims with the

7    County in accordance with the GCA.  At most, plaintiff plausibly alleges he filed his own claims.

8    *See* TAC at 2.  Plaintiff's bare allegation, without more, amounts to a "legal conclusion,"

9    insufficient to overcome a motion to dismiss.  Defendants' motion is GRANTED, while giving

10    plaintiff leave to amend if he can in compliance with Rule 11.

11            Because the court finds plaintiff has not adequately alleged compliance with the

12    GCA, the court need not determine whether plaintiff's state survival claim is factually sufficient,

13    although it considers below defendants' challenge to Shannon's standing to bring the claim.

14         B.      <u>California Code of Civil Procedure Section 377.30 (Survival Statute)</u>

15            A plaintiff seeking to bring a survival claim must comply with California Code of

16    Civil Procedure section 377.30.  *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1229 (9th Cir.

17    2013).  Section 377.30 states a survival action may be commenced by (1) the decedent's personal

18    representative, or, if none, by (2) the decedent's successor in interest.  Cal. Code Civ. Proc. §

19    377.30.  To commence a survival action, the decedent's successor in interest "must file a

20    declaration that contains certain information" required by California Code of Civil Procedure

21    section 377.32.  *Garcia v. Adams*, No. 04-5999, 2006 WL 403838, at *12 (E.D. Cal. Feb. 17,

22    2006).

23            Here, defendants initially argued Shannon lacked standing to bring a survival

24    claim because his original declaration did not comply with section 377.32.  Mot. at 4 (referencing

25    ECF No. 17).  But after defendants filed their motion to dismiss, Shannon filed a new declaration

26    complying with the statute.  *See* ECF No. 26.  In their reply, defendants do not challenge the legal

27    /////

28    /////

1   sufficiency of the declaration and thus the court considers this aspect of defendant's motion now

2   waived.

3         Defendants' motion to dismiss based on standing is DENIED as moot.

4       C.  <u>Factual Sufficiency of § 1983 Claim</u>

5        Defendants argue Shannon has not pled sufficient facts in support of his § 1983

6   excessive force claim on behalf of decedent.

7         1.  <u>Excessive Force</u>

8        Plaintiff may bring a Fourth Amendment excessive force claim against

9   municipalities, such as the County, under §1983. *Fontana v. Haskin*, 262 F.3d 871, 879 (9th Cir.

10  2001) ("[E]xcessive use of force by a law enforcement officer in the course of transporting an

11  arrestee gives rise to a section 1983 claim based upon a violation of the Fourth Amendment.").

12  The court ultimately analyzes a Fourth Amendment excessive force claim under an objective

13  reasonableness standard, which requires a balancing of the intrusion on the individual's Fourth

14  Amendment interests against the countervailing governmental interest at stake. *Graham v.*

15  *Connor*, 490 U.S. 386, 388 (1989). This balance involves the consideration of factors such as

16  (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the

17  safety of the officers or others; and (3) whether the suspect is actively resisting arrest or

18  attempting to evade arrest by flight. *Id.* These factors are not exclusive; in assessing

19  reasonableness, courts examine the totality of the circumstances and consider "whatever specific

20  factors may be appropriate in a particular case, whether or not listed in *Graham*." *Franklin v.*

21  *Foxworth*, 31 F.3d 873, 876 (9th Cir. 1994)). Reasonableness determinations must allow for the

22  fact that police officers are often forced to make "split-second judgments in circumstances that

23  are tense, uncertain and rapidly evolving." *Graham*, 490 U.S. at 397. At this stage of this case,

24  the court looks solely to the allegations of the complaint to determine whether defendants'

25  conduct, as alleged, was reasonable or not. *See Jensen v. City of Oxnard*, 145 F.3d 1078, 1086

26  (9th Cir. 1998) (determining reasonableness from facts "as alleged in the complaint.").

27        Construing the complaint in the light most favorable to plaintiff, the court finds he

28  has adequately alleged facts in support of the § 1983 excessive force claim. In regard to the

"severity of the crime at issue," decedent appeared to be cradling a gun in his left arm at the time Deputies Reeve and Jones allegedly shot him.  TAC ¶ 18.  The officers ordered decedent to "drop his weapons."  *Id.* ¶ 24.  Shortly after the officers ordered decedent to drop his weapons and before the deputies allegedly shot decedent, two vehicles passed between them.  *Id.* ¶ 25.  In light of these facts, plaintiff alleges decedent had no time to drop his weapons.  *Id.*  Defendants argue decedent had plenty of time to drop his weapons.  Defs.' Reply at 4, ECF No. 30.  When faced with competing plausible interpretations, the court must adopt whichever inference or explanation supports the plaintiff's complaint.  *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  Plaintiff's plausible interpretation prevails for purposes of the motion to dismiss.

While decedent's possession of a weapon is an important aspect of plaintiff's pleading of his Fourth Amendment claim, it does not end the inquiry.  *Glenn v. Wash. Cnty.*, 673 F.3d 864, 872 (9th Cir. 2011).  Defendants do not argue decedent's possession of a firearm was illegal. Defendants say they were "investigating shots fired when they saw decedent walking at night with a gun."  Mot. at 5.  But mere investigation, without more, does not make a potential suspect's possession of a gun illegal or otherwise justify deadly force, so as to eviscerate plaintiff's claim.  *See Hayes*, 736 F.3d at 1233 ("[T]he mere fact that a suspect possesses a weapon does not justify deadly force.").

As for threats to safety, the third amended complaint does not allege facts conceding decedent posed a threat to the safety of officers or others.  Defendants do not claim decedent was pointing a gun at officers or otherwise posing a threat to officer or bystander safety at the time Deputies Jones and Reeves allegedly shot decedent.  Defendants do not argue decedent's actions, or lack thereof, made them feel threatened such that the officers felt compelled to shoot the decedent in order to curtail the threat.  As with the mere possession of a firearm, merely being suspected of a dangerous crime does not suddenly render a suspect dangerous or threatening such that deadly force is warranted and a § 1983 claim is not colorable.  *See Harris v. Roderick*, 126 F.3d 1189, 1202 (9th Cir. 1997) (FBI's directive to kill any armed adult male was constitutionally unreasonable even though a United States Marshal had already been shot and killed by one of the males).

1          The third amended complaint does not plead facts conceding the decedent actively

2   resisted orders to drop his weapon or attempted to flee.  But assuming decedent did not comply

3   with the deputies' orders to drop his weapon, a "single act of non-compliance, without any

4   attempt to threaten the officers or place them at risk, would not rise to the level of active

5   resistance." *Nelson v. City of Davis*, 685 F.3d 867, 882 (9th Cir. 2012).

6          Taking into consideration the totality of the circumstances, the government's use

7   of force, as alleged in the complaint, was unreasonable.  Defendants' motion to dismiss plaintiff's

8   excessive force claim is DENIED.

9         D.    <u>Sacramento County Sheriff's Department</u>

10          Defendants argue Shannon's wrongful death claim against the SCSD should be

11   dismissed because the SCSD is merely duplicative of the County.  Mot. at 7.  In response,

12   Shannon contends the SCSD should not be dismissed at this stage of the litigation because

13   defendants have not shown that SCSD and the County are not separate entities.  Opp'n at 12.

14          "Courts in the Ninth Circuit generally have treated police departments as part of a

15   municipality." *Fisher v. Kealoha*, 869 F. Supp. 2d 1203, 1214 & n.15 (D. Haw. 2012) (citing,

16   inter alia, *Headwaters Forest Def. v. County of Humboldt, et al.*, 276 F.3d 1125, 1127 (9th Cir.

17   2002)).  However, sheriff's departments, standing alone, are generally not considered "persons"

18   for purposes of § 1983 liability.  *See United States v. Kama*, 394 F.3d 1236, 1239–40 (9th Cir.

19   2005) ("[M]unicipal police departments and bureaus are generally not considered 'persons'

20   within the meaning of 42 U.S.C. § 1983.").  To attain full relief, it is unnecessary to sue both a

21   county and the county sheriff's office for identical claims with identical theories of liability.

22   *DeLuca v. Cnty. of Los Angeles*, No. 15-00344, 2015 WL 4451420, at *10 (C.D. Cal. July 20,

23   2015).

24          Here, identical theories are lodged against Sacramento County and the SCSD.

25   Plaintiff does not plead or otherwise argue that discovery could identify distinctions between the

26   two defendants.  In light of the well-established case law, these two defendants are duplicative.

27   Defendants' motion in this respect is GRANTED.

28   /////

V.    <u>CONCLUSION</u>

For the forgoing reasons, defendants' motion is GRANTED IN PART and DENIED IN PART as follows:

(1) Defendants' motion to dismiss plaintiff's § 1983 survival excessive force claim on the basis of the GCA is DENIED.

(2) Defendants' motion to dismiss plaintiff's state law survival battery claim on the basis of the GCA is GRANTED with leave to amend.

(3) Defendants' motion to dismiss plaintiff's claims based on California Code of Civil Procedure Section 377.30, *et. seq.* is DENIED.

(4) Defendants' motion to dismiss plaintiff's § 1983 claim for factual insufficiency is DENIED.

(5) Defendants' motion to dismiss plaintiff's wrongful death claim against the SCSD is GRANTED.

Given the number of times the complaint has been amended already, the court will grant plaintiff one more opportunity to file an amended pleading.  An amended complaint consistent with the foregoing order shall be filed within 21 days.

IT IS SO ORDERED.

DATED:  March 22, 2016.

_____
UNITED STATES DISTRICT JUDGE