UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR SHANNON, as an individual and as a successor in interest to Ryan Shannon,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT; TIMOTHY JONES, officer, employee, and agent of the SCSD and County; JOSEPH REEVE, officer, employee, and agent of the SCSD and County,<br><br>Defendants. | No. 2:15-cv-00967-KJM-DB<br><br>ORDER |

On November 8, 2016, defendants filed a motion for leave to file an amended answer to plaintiff's fifth amended complaint. Mot., ECF No. 59. Plaintiff filed no opposition,[1] as defendants noted in a reply on December 9, 2016. Reply, ECF No. 62. Specifically, defendants seek leave to amend to add two affirmative defenses based on: (1) California Penal

---

[1] Plaintiffs are reminded of the requirement in the Local Rules that they serve a notice of non-opposition when a motion is not opposed. *See* L.R. 230(c). Future violations of the local rules, or any applicable rule or order of the court may be met with an order to show cause as to why sanctions should not issue.

1

1    Code section 196, which states that homicide is justifiable when committed by public officers
2    when necessarily committed in overcoming actual resistance; and (2) California Penal Code
3    section 835a, which provides that officers may use reasonable force to overcome resistance and
4    need not retreat.

5    Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its
6    pleading . . . [with] the court's leave" and "[t]he court should freely give leave when justice so
7    requires."  The court should apply this policy "with extreme liberality."  *Owens v. Kaiser Found.*
8    *Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians*
9    *v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).  Parties "ought to be afforded an opportunity to
10   test [their] claim[s] on the merits," absent "any apparent or declared reason" such as "undue
11   delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies
12   by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance
13   of the amendment, futility of amendment, etc."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

14   In this case, there is no indication plaintiff would be prejudiced by allowing
15   defendants leave to amend their answer.  The discovery deadline is May 15, 2017, so plaintiff still
16   has time to conduct additional discovery, if needed.  Additionally, the factual material needed to
17   litigate these defenses appears to be co-extensive with defenses already pled in the answer.  *See*
18   Answer, ECF No. 53.  Defendant already pleads the affirmative defense of qualified immunity,
19   *id.* ¶ 28, and California courts find the reasonableness prong of the qualified immunity inquiry
20   overlaps with the reasonableness analysis of the justifiable homicide inquiry under Penal Code
21   section 196.  *See Martinez v. Cty. of Los Angeles*, 47 Cal. App. 4th 334, 349 (1996).
22   Additionally, the same reasonableness standard governing the qualified immunity inquiry is also
23   applicable to Penal Code section 835a.  *See Yount v. City of Sacramento*, 43 Cal. 4th 885, 898
24   (2008); *Hernandez v. City of Pomona*, 46 Cal. 4th 501, 518–19 (2009).

25   Additionally, there is no indication of unjust delay in this case; even if there were,
26   delay alone on the part of defendants would not justify the denial of defendants' motion.  *See*
27   *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).  Importantly, there is no
28

1 | evidence defendants acted in bad faith, and it does not appear amendment would be futile.
2 | Accordingly, defendants' motion for leave to amend their answer is GRANTED.
3 |     This order resolves ECF No. 59.
4 |     IT IS SO ORDERED.
5 | DATED: March 22, 2017.

                UNITED STATES DISTRICT JUDGE