UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR SHANNON, as an individual and as a successor in interest to RYAN SHANNON,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SACRAMENTO, a government entity, TIMOTHY JONES, an individual; and JOSEPH REEVE, an individual,<br><br>Defendants. | No. 2:15-CV-00967 KJM DB<br><br>ORDER |

Plaintiff Salvador Shannon moves to modify the schedule to extend the deadlines for fact discovery, expert discovery, and dispositive motions, which defendants oppose. Mot., ECF No. 77; Opp'n, ECF No. 78. The parties have regularly worked together, adjusting to travel constraints and scheduling conflicts since discovery began in June 2016 and repeatedly stipulating to schedule modifications the court has approved. Mot. at 3; Opp'n at 2–3; *see also* ECF No. 58 (adopting parties' stipulation to extend fact discovery from January 13, 2017 to May 15, 2017); ECF No. 70 (adopting stipulation to extend again to May 19, 2017). Yet Shannon here moves to modify the schedule without having discussed the matter with defense counsel: Shannon's motion does not contain the meet and confer certification this court's standing order requires, *see* Mot., and plaintiff's counsel has not communicated with defense counsel about any

subject since the close of fact discovery on May 19, 2017 and filing this motion originally[1] on July 5, 2017, *see* Motooka Decl. ¶ 30, ECF No. 78-1. Shannon's failure to meet and confer is particularly inexplicable where the basis for Shannon's motion, which is defendants' June 12, 2017 letter providing inadvertently omitted initial disclosures, expressly offered to permit additional depositions after the close of discovery. *See* Lucero Decl. Ex. E (June 17, 2017 letter), ECF No. 77-1 (explaining defendants "would have no objection to making Detective Lonteen available for deposition, should [plaintiff] wish to depose him").

Given the parties' history of working together, and the likely good meet-and-confer would have done here, the court cannot countenance Shannon's failure to do so. Accordingly, the court orders as follows:

(1) Shannon's motion to modify the schedule is DENIED, without prejudice, for failure to meet and confer. Any future motion to modify the schedule should include a certification that includes a brief summary of meet and confer efforts, as this court's standing order requires. *See* Standing Order at 3, ECF No. 3-1;

(2) Shannon is ORDERED to SHOW CAUSE, within seven (7) days of this order, why monetary sanctions in the amount of $250 should not be issued against him for his failure to comply with this court's Standing Order.

IT IS SO ORDERED.

This order resolves ECF No. 77.

DATED: August 17, 2017.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Shannon first filed a motion to modify the schedule on July 5, 2017. ECF No. 75. After the court noted the motion was defective and was not noticed for hearing, ECF No. 76, Shannon refiled his motion on July 11, 2017, ECF No. 77.