UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR SHANNON,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | Case No. 2:15-cv-00967-KJM-DB<br><br><br><br>ORDER |

Following the court's denial of defendants' motion for summary judgment on qualified immunity, Prior Order, ECF No. 99, and defendants' appeal of that order, *see* ECF Nos. 100–02, plaintiff moved to certify defendants' appeal as frivolous, Mot., ECF No. 106. Defendants oppose the motion, Opp'n, ECF No. 108. For the following reasons, the court DENIES the motion.

I. <u>LEGAL STANDARD</u>

Although circuit courts generally lack jurisdiction to hear an interlocutory appeal from an order denying summary judgment, 28 U.S.C. § 1291, a narrow exception exists under the collateral order doctrine with respect to an appeal of an order denying qualified immunity, *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). This exception exists because qualified immunity is an immunity from suit rather than a mere defense to liability, and that immunity "is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. at 526.

Such an appeal "normally divests the district court of jurisdiction to proceed with trial." *Padgett v. Wright*, 587 F.3d 983, 985 (9th Cir. 2009). Nonetheless, "[r]ecognizing the

1

importance of avoiding uncertainty and waste, but concerned that the appeals process might be abused to run up an adversary's costs or to delay trial, [the Ninth Circuit] ha[s] authorized the district court to go forward in appropriate cases by certifying that an appeal is frivolous or waived." *Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 790–91 (9th Cir. 2018) (citations omitted). In the qualified immunity context, such a certification is dubbed a *Chuman* certification. *See Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1991) (permitting district court, upon "find[ing] that the defendants' claim of qualified immunity is frivolous or has been waived," to "certify, in writing, that defendants have forfeited their right to pretrial appeal, and [] proceed with trial"); *see also id.* at 105 n.1 (noting a defendant may apply to Ninth Circuit for discretionary stay should district court certify appeal as frivolous). "[A] frivolous qualified immunity claim is one that is unfounded, 'so baseless that it does not invoke appellate jurisdiction' and [] a forfeited qualified immunity claim is one that is untimely or dilatory." *Marks v. Clarke*, 102 F.3d 1012, 1017 n.8 (9th Cir. 1996) (quoting and explaining *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989)).

II. DISCUSSION

Plaintiff moves to certify defendants' appeal as frivolous because the appeal "challenge[s] the Court's determination that there are genuine issues of fact for trial" rather than raising a question of law, and thus falls outside appellate jurisdiction. Mot. at 4−6. Plaintiff also appears to argue that, under the facts construed in plaintiff's favor at summary judgment, defendants violated clearly established law, and defendants may not revisit on appeal the court's identified disputes of fact to address whether the law was clearly established. *Id.* at 6−7.

Defendants argue their appeal is proper because, they say, this court "appl[ied] an erroneous standard, [and] treat[ed] facts as disputed for no other reason than they were supported only by the uncorroborated testimony of defendants," which defendants contend constitutes an error of law that may be challenged on appeal. Opp'n at 3; *see id.* (arguing district court's "characteriz[ing] its ruling as resting on a determination that genuine issues of material fact exist . . . itself can be an error of law"). In short, defendants argue the Ninth Circuit has jurisdiction to hear an appeal "challeng[ing] whether the Court's characterization of the factual issues is correct as a matter of law." *Id.*

2

The Ninth Circuit itself has clarified it does not have jurisdiction to determine whether this court properly identified material disputes of fact. In resolving an appeal of an order denying qualified immunity at summary judgment, the Ninth Circuit "may exercise jurisdiction over issues that do not require resolution of factual disputes, including in cases where officers argue that they have qualified immunity, assuming the facts most favorable to the plaintiff." *Rodriguez*, 891 F.3d at 791 (citing *George v. Morris*, 736 F.3d 829, 833–34, 836 (9th Cir. 2013); *Johnson v. Cty. of L.A.*, 340 F.3d 787, 791 n.1 (9th Cir. 2003)).[1] The Ninth Circuit exercises jurisdiction in the latter scenario under "the premise that 'a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a "genuine" issue of fact for trial.'" *Id.* (quoting *Johnson v. Jones*, 515 U.S. 304, 319−20 (1995)). Thus, while "the existence of a genuine dispute about the reasonableness of an officer's use of force does not . . . eliminate any basis for an immediate appeal of denial of qualified immunity," *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 945 (9th Cir. 2017) (citing *Mattos v. Agarano*, 661 F.3d 433, 446 (9th Cir. 2011) (en banc)), that appeal properly proceeds with the "defendant argu[ing] . . . that the facts, even when considered in the light most favorable to the plaintiff, show no violation of a constitutional right, or no violation of a right that is clearly established in law," *Ames v. King Cty.*, 846 F.3d 340, 347 (9th Cir. 2017) (citation omitted); *see, e.g.*, *Adams v. Speers*, 473 F.3d 989, 990 (9th Cir. 2007) ("Officer Speers can make an interlocutory appeal from the ruling on immunity only if he accepts as undisputed the facts presented by the appellees. . . . This exceptional remedy is available only if the issue of immunity is presented as a question of law."). In short, the Ninth Circuit "ha[s] jurisdiction over 'legal' but not 'factual' interlocutory appeals." *A. K. H. by & through Landeros v. City of Tustin*, 837 F.3d 1005, 1010 (9th Cir. 2016) (citations omitted).

---

[1] While "[t]wo post-*Johnson* cases clarify the distinction between nonreviewable qualified-immunity orders based on evidentiary sufficiency and reviewable qualified-immunity orders based on 'more abstract issues of law[,]'" neither case controls here. *See Dockery v. Blackburn*, 911 F.3d 458, 465 (7th Cir. 2018) (referring to *Scott v. Harris*, 550 U.S. 372 (2007) (ruling on objective reasonableness as a matter of law given video of high-speed chase); *Plumhoff v. Rickard*, 572 U.S. 765 (2014) (also applying objective reasonableness standard to high-speed chase captured on video)).

3

Defendants' opposition thus reveals their apparent fundamental misunderstanding of controlling principles. Defendants argue their appeal, "like the appeal in *Isayeva*, challenges whether the Court's characterization of the factual issues is correct as a matter of law." Opp'n at 3. In *Isayeva*, however, the panel explained it was required to "accept the district court's determination that there is a genuine dispute as to the circumstances [at issue]," but noted "the existence of a genuine dispute about the reasonableness of an officer's use of force does not preclude granting qualified immunity or eliminate any basis for an immediate appeal of denial of qualified immunity." 872 F.3d at 945. In other words, accepting the district court's findings of factual disputes, the panel exercised its jurisdiction to address the defendants' questions of law raised on appeal: whether "use of both (a) the taser, and (b) deadly force, . . . did not violate clearly established law." *Id.* at 946; *see also id.* at 947 ("Remaining within the bounds of our jurisdiction, we accept the district court's findings that these factual disputes are genuine and supported by the record.") (citing *George*, 736 F.3d at 834).

Defendants argue that the court "treat[ed] facts as disputed for no other reason than they were supported only by the uncorroborated testimony of defendants." Opp'n at 3. Even if this were true, as explained above, this court's assessment of the facts does not provide a basis for the Ninth Circuit, at this juncture, to revisit this "court's findings that these factual disputes are genuine and supported by the record." *Isayeva*, 872 F.3d at 947. Moreover, it is defendants that mischaracterize the record by misrepresenting the court's summary judgment order. It is well established that "[i]n cases where the best (and usually only) witness who could offer direct testimony for the plaintiff about what happened before a shooting has died, [Ninth Circuit] precedent permits the decedent's version of events to be constructed circumstantially from competent expert and physical evidence, as well as from inconsistencies in the testimony of law enforcement." *George*, 736 F.3d at 834 (citations omitted). This court diligently applied this rule in its summary judgment order, identifying inconsistencies in the defendants' testimony of record as well as eyewitness testimony that precluded treating defendants' version of the facts as undisputed. *See* Prior Order at 8:13−28, 9:15−23, 13:19−25, 15:1−12. Under Ninth Circuit precedent, "[b]ecause this inquiry . . . concerns genuineness—namely 'the question whether there

4

is enough evidence in the record for a jury to conclude that certain facts are true'—[the appellate court] may not decide at th[e] interlocutory stage if the district court properly performed it." *George*, 736 F.3d at 835 (quoting *Kinney v. Weaver*, 367 F.3d 337, 347 (5th Cir. 2004) (en banc); then citing *Abdullahi v. City of Madison*, 423 F.3d 763, 772 n.8 (7th Cir. 2005)); *see, e.g.*, *Foster v. City of Indio*, 908 F.3d 1204, 1211−12 (9th Cir. 2018) (finding panel lacked jurisdiction to address defendant officer's "argu[ment] that the evidence was insufficient to create a genuine issue of material fact . . . . [and] the district court erred by considering the evidence supporting plaintiffs' version of events.").

At hearing, defense counsel repeatedly suggested the court had manufactured disputes of fact at summary judgment. This court hears cases in the first instance and is often required to remind parties of a foundational and guiding principle it applies daily: questions of fact are reserved to the jury, not the court. That principle does not require the court to accept defendants' version of the facts at summary judgment, as defendants here naturally would prefer. Rather, the court is required to construe all disputed facts in the non-movant's favor at summary judgment. The court did so here, not to manufacture facts but to preserve disputed facts for the proper trier of fact: the jury. Any suggestion to the contrary is misplaced.

Nonetheless, the court notes that the Ninth Circuit does have jurisdiction to address this court's denial of qualified immunity and the Circuit could, upon accepting the facts as construed in plaintiff's favor by this court, determine those facts could not establish a constitutional violation of a clearly established constitutional right. Such a determination would answer a question of law, as the Circuit has determined in decisions that bind this court. *See Isayeva*, 872 F.3d at 945; *Foster*, 908 F.3d at 1210.[2] While defendants' briefing here does nothing to satisfy the

---

[2] This court of course recognizes its duty to follow the controlling law on this point. At the same time, as it signaled in some frustration from the bench during hearing of this matter, the court notes that in the course of wrestling with many qualified immunity questions and reviewing a plethora of authority on what constitutes clearly established law, it has developed substantial doubts as to whether the exercise required to define and identify the applicable constitutional right in any given case, and then to identify the body of case law relevant to concluding whether the right is clearly established, can be performed without engaging in multiple layers of factfinding. *See* John C. Jeffries, Jr., *The Liability Rule for Constitutional Torts*, 99 Va. L. Rev. 207, 251-253 (2013) (observing, *inter alia*, "Requiring that the right be 'clearly established' on

1 | court they understand this distinction, it is not clear from the record before the court what precise
2 | arguments defendants have raised on appeal. In any event, the Ninth Circuit panel assigned to this
3 | case is best situated to confront challenges to its jurisdiction, particularly where as here plaintiff
4 | waited more than six months after defendants filed their appeal to bring this motion, undermining
5 | plaintiff's claim that this case should proceed to trial as promptly as possible. Accordingly, the
6 | court DENIES the motion.

        IT IS SO ORDERED.

DATED: June 27, 2019.

_____
UNITED STATES DISTRICT JUDGE

---

particular facts raises issues that traditionally would be viewed as 'mixed questions of law and fact' or questions of the 'application of law to fact,' questions of the sort ordinarily reserved for the jury.") (footnote omitted); *see also Rodriguez v. Swartz*, 899 F.3d 719, 732 n.40 (9th Cir. 2018) ("Some argue that the 'clearly established' prong of the analysis lacks a solid legal foundation . . . . But we must apply it here.") (citing, inter alia, William Baude, *Is Qualified Immunity Unlawful?*, 106 Calif. L. Rev. 45 (2018)).